SUESS, Respondent, vs. HARTMANN, BODILLY, SUESS COM-
PANY, Appellant.

*March 16—April 11, 1922.*

*Master and servant: Commission on sales as compensation: Sale
made with customer solicited by agent: Good faith.*

Although plaintiff had a contract with the defendant under which
he was to receive a five per cent. commission on sales made
by him to parties he had personally solicited, he was not en-
titled to a commission where he submitted a contract to de-
fendant which it refused to accept, and after plaintiff had
left defendant's employ defendant and the customer proposed
by plaintiff in good faith made an agreement on an entirely
different basis than that proposed by plaintiff.

APPEAL from a judgment of the municipal court of
Brown county: N. J. MONAHAN, Judge. *Reversed.*

The plaintiff is a stockholder of the defendant corpora-
tion, which, at the times mentioned in the complaint, was
operating a general machine shop, dealt in second-hand ma-
chinery, and undertook contracts for steel construction. The
plaintiff and defendant entered into an agreement dated De-
cember 15, 1919, as follows:

"We agree to pay you a commission of five per cent. on
sales amounting to $50 or over made personally by you upon
the parties that you have solicited for business and records
of which have been submitted in your daily reports to Mr.
Flower."

Plaintiff contends that he procured a contract for the erec-
tion of two steel tanks for the Green Bay Sugar Company;
that the contract price was $4,930; that the job was sublet
to one Ennis; that the tanks were erected and that the de-
fendant received $4,990 therefor, and that he is entitled to
five per cent. commission on the sum of $4,930, or $246.50
as a commission.

The defendant denies that the plaintiff procured an order
for the erection of the tanks in question, denies that the de-

fendant entered into a contract with the Green Bay Sugar Company for the erection of the two tanks for the sum of $4,930, or for any other sum.

It is further contended on behalf of the defendant that the plaintiff solicited from a contractor the erection of the tanks in question; that as a result thereof certain proposed contracts were submitted by the Sugar Company or its representatives, which the defendant refused to sign; that thereafter and at the solicitation of the Sugar Company the defendant undertook to erect the tanks on a time-and-material basis; that the specifications for the tanks were altered by the substitution of wooden tops for steel tops, which effected a saving of $700 or $800. The defendant further claims that before it commenced the work of erecting the tanks in question the plaintiff had severed his connection with the defendant company; that had the work been undertaken as solicited by the plaintiff, the plaintiff was to superintend the work, take the profit if there was a profit, and stand the loss if there was a loss. The case was tried by the court without a jury. The court found in favor of the plaintiff, made no formal findings of fact and conclusions of law, but directed judgment in favor of the plaintiff for the amount claimed, and from judgment so entered the defendant appeals.

*C. W. Lomas* of Green Bay, for the appellant.

For the respondent the cause was submitted on the brief of *Surplice & Cook* of Green Bay.

ROSENBERRY, J. The trial court filed no formal findings of fact and conclusions of law, but the principal facts upon which the rights of the parties depend are practically undisputed. It is not claimed on behalf of the plaintiff that the arrangement under which the tanks were in fact constructed was that made by him with the representatives of the Green Bay Sugar Company, but he claims the contract resulted from his solicitations. It is undisputed that the defendant

refused to execute the contracts embodying the proposal sub-
mitted by plaintiff.    While there is some conflict in the evi-
dence, it is established with reasonable clearness that after
the defendant had refused to sign the contracts and the
plaintiff had left the employ of the defendant, representa-
tives of the Sugar Company requested the defendant to pro-
ceed with the construction of the tanks; that the defendant
refused to do this on the basis of the proposed contract; that
thereafter the specifications were altered so as to substitute
wooden for steel tops, by which a saving of $800 or $900
was effected, and the Sugar Company agreed to furnish hose
and compressed air for riveting purposes.    The defendant
then went ahead on a time-and-material basis.    That the
refusal of the defendant to sign the contract was made in
good faith is established by the fact that, after the alteration
of the specifications was made and the work completed, there
was a profit on the job of three and one-half per cent., dem-
onstrating that without the alteration, with a liability for
the five per cent. commission claimed by the plaintiff, the
proposal made through the plaintiff was at an insufficient
price.    Under these circumstances we are of the opinion that
the plaintiff under his contract was not entitled to a com-
mission upon the work done by the defendant for the Sugar
Company.    The arrangement entered into between the de-
fendant and the Sugar Company was upon an entirely dif-
ferent basis and the result of subsequent negotiations after
the defendant had in good faith and for adequate cause re-
fused to accept the proposal made to it through the plaintiff.
No question is raised but that the defendant acted in good
faith.    This is not a case where a party has accepted the
benefit of valuable service rendered to it and declines to pay
therefor, or where, by equivocation and indirection, there
had been an attempt to evade liability.    It is the contention
of the plaintiff that the defendant, when demand was made
upon it for the payment of the commission, did not deny
its liability.    Defendant explains this by saying that the

plaintiff was a stockholder in the company and that if the contract had yielded a substantial profit it would have been willing to pay the plaintiff something.  In any view the conduct of the defendant did not amount to an estoppel.  It is therefore considered that the judgment of the municipal court should be reversed and the complaint dismissed.

*By the Court.*—It is so ordered.